UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ASRC FEDERAL DATA SOLUTIONS, LLC,<br><br>　　　　　Defendant. | Case No. 23-cv-02974-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 12, 17 |

James Hunter brings this suit against ASRC Federal Data Solutions, LLC, for violations of California's Fair Employment and Housing Act, Govt. Code § 12940 ("FEHA"), California's Whistleblower Act, Labor Code § 1102.5, and for Wrongful Termination in Violation of Public Policy. Defendant moves to dismiss all claims. After carefully considering the briefing submitted and conducting oral argument on August 3, 2023, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff may file an amended complaint **on or before September 7, 2023**.

## COMPLAINT ALLEGATIONS

Defendant hired Plaintiff in November 2018 as a "Senior Software Engineer in an exempt position located at Moffet [*sic*] Federal Air Field, Mountain View, California." (Dkt. No. 4 at 7 ¶ 7.)[1] Shortly after starting work, Plaintiff's co-worker implied "Plaintiff's hir[ing] was solely due to him and that Plaintiff should therefore be beholden" to him. (*Id.* ¶ 8.) The co-worker then began hovering near Plaintiff, invading Plaintiff's personal space, sitting near Plaintiff during team meetings, and "gazing" at his "groin and crotch area." (*Id.* at 8 ¶¶ 9-10.) Plaintiff reported this conduct to his co-worker's supervisor and human resources employees. (*Id.* ¶¶ 12-13.) But Defendant took no action. (*Id.*) A few months after meeting with human resources employees, Defendant terminated Plaintiff's employment. (*Id.* at 9 ¶ 14.)

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

**DISCUSSION**

**I.  Jurisdiction**

The Court has diversity subject matter jurisdiction here under 28 U.S.C. § 1332.  Plaintiff is an individual person who resides exclusively in California, and Defendant is a Delaware Limited Liability Company.  (Dkt. No. 1 at 2.)  Defendant's sole member is ASRC Federal Holding Company, LLC, an Alaskan Limited Liability Company, whose sole member is Artic Slope Regional Corporation, a corporation organized under the laws of the State of Alaska with its principal place of business in Alaska.  (*Id.*)  Thus, diversity of citizenship exists.  And the amount-in-controversy here exceeds $75,000.  (Dkt. No. 4 at 4 ¶ 14.)[2]

**II.  Motion to Dismiss**

Defendant argues Moffett Field is a federal enclave and therefore Plaintiff's state law claims fail because they were enacted or recognized after the enclave was established in 1931.

### 1.  Moffett Field is a Federal Enclave

A federal enclave is land over which the federal government exercises legislative jurisdiction, except to the extent the state reserves to itself certain jurisdiction at the time of cession. *Hammer v. Dynamic Aviation Grp., Inc.*, No. CV 08-8174 ODW (CWX), 2009 WL 10675681, at *2 (C.D. Cal. 2009) (citing *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 478 (2000)); *George v. UXB Intern., Inc.*, 1996 WL 241624, at *3 (N.D. Cal. 1996) (citing *Paul v. United States*, 371 U.S. 245, 264 (1963)); *see also* U.S. Const. art. I, § 8, cl. 17.  When a state cedes jurisdiction and Congress accepts that cession, the federal government can obtain either exclusive, concurrent, or partial jurisdiction. *Kleppe v. New Mexico*, 426 U.S. 529, 542 (1976).  "Moffett Field has been under the exclusive jurisdiction of the federal government since 1931." *Powell*, 2005 WL 578103, at *2.[3]

---

[2] Defendant provides calculations regarding Plaintiffs' lost wages estimating an amount in controversy of $438,191.91.  (*Id.*)  Plaintiff does not contest the existence of federal subject matter jurisdiction.

[3] Defendant provides a map indicating some portions of Moffett field are "partial" federal enclaves. (Dkt. No. 4 at 33.) "As is relevant here, partial legislative jurisdiction exists where the state of California has ceded all its jurisdiction except the powers to tax and serve process." *Jimenez v. CRC Prop. Mgmt. W. Inc.*, No. 319CV01547JAHMSB, 2021 WL 4312622, at *2 (S.D.

2

1  Unless repudiated by Congress, the laws applicable to a federal enclave include (i) federal
2  law and (ii) state laws that were in effect at the time of cession and are not inconsistent with
3  federal law. *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1889-90
4  (2019) (citing *James Stewart & Co. v. Sadrakul*, 309 U.S. 94, 100 (1940)); *see Chicago, R. I. & P.
5  R. Co. v. McGlinn*, 114 U. S. 542, 547 (1885); *see also Taylor v. Lockheed Martin Corp.*, 78 Cal.
6  App. 4th 472, 481 (2000) ("When an area becomes a federal enclave, Congress assumes the power
7  of legislation over that area. Federal law thus applies, although not 'every vestige of the laws of
8  the former sovereignty must vanish.'")

9  Given general public knowledge, consistent caselaw, and Plaintiff's failure to dispute that
10 Moffett Field is, in fact, a federal enclave, the Court takes judicial notice that Moffett Federal Air
11 Field became a federal enclave in 1931. *Pac. Coast Dairy v. Dep't of Agric. Of Cal.*, 318 U.S.
12 285, 293 (1943) (describing federal enclave status of Moffett Field); *see also* 71 Cong. Ch. 122,
13 February 12, 1931, 46 Stat. 1092 (authorizing purchase of 1000 acres to purchase and build an air
14 base in "near Sunnyvale In the County of Santa Clara"), *Powell v. Tessada & Assocs., Inc.*, No. C
15 04-05254 JF, 2005 WL 578103, at *2 (N.D. Cal. Mar. 10, 2005) ("The United States still owns the
16 facility, and it is well known to the public that Moffett Field, the former military base, is currently
17 operating as Moffett Federal Airfield"); *see also Rosseter v. Indus. Light & Magic*, No. C 08-
18 04545 WHA, 2009 WL 210452, at *1 (N.D. Cal. Jan. 27, 2009) (taking judicial notice of the
19 Presidio's status as a federal enclave). Plaintiff does not dispute Moffett Field's federal enclave
20 status and provides no justification for ignoring the unanimous authority recognizing Moffett Field
21 as such. *See* Fed. R. Evid. 201(b). His insistence that taking judicial notice of Moffett Field's
22 federal enclave status converts the motion to dismiss to a motion for summary judgment is wrong.
23 *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018); *see also Williams v.
24 Facebook, Inc.,* 384 F. Supp. 3d 1043, 1051 (N.D. Cal. 2018) ("courts may take judicial notice
25 without converting a motion to dismiss into a motion for summary judgment." (cleaned up)).

---

Cal. Sept. 21, 2021).

3

**2.     The Federal Enclave Doctrine Precludes Plaintiff's State Law Claims**

The federal enclave doctrine precludes Plaintiff's state law claims as currently pled. *See Powell*, 2005 WL 578103, at *2 (finding FEHA, which was enacted after Moffett became a federal enclave in 1931, does not apply on Moffett Field). Plaintiff's urging that he did not plead the challenged conduct occurred at Moffett Field is unpersuasive. Only one geographic allegation exists in the complaint. Plaintiff pleads: "On or about November 19, 2018, Defendant hired Plaintiff as a Senior Software Engineer in an exempt position located at Moffet [*sic*] Federal Airfield, Mountain View California." (Dkt. No. 4 at 7 ¶ 7.) The only plausible inference from this allegation and the subsequent workplace-based allegations is the events occurred at Moffett Field. While the Court must draw reasonable inferences in Plaintiff's favor, the Court cannot draw an inference from these allegations that the events occurred *somewhere other* than Moffett Field. To support such an inference, Plaintiff must allege some facts suggesting that fact pattern is plausible. Thus, absent any other factual allegations regarding the location of the conduct at issue here, the only plausible inference is the events took place at Moffett Field.

The enclave doctrine precludes the state law claims asserted here because each asserted right was recognized *after* the enclave was established in 1931. The FEHA claims fail because FEHA was enacted after 1931. *Powell*, 2005 WL 578103, at *2. Plaintiff's claim for Wrongful Termination in Violation of Public Policy fails for the same reasons. The common law claim of wrongful termination in violation of public policy was first recognized in California in 1959. *Carvajal v. Pride Indus., Inc.*, No. 10-CV-2319-GPC MDD, 2013 WL 1728273, at *5 (S.D. Cal. Apr. 22, 2013) (citing *Petermann v. Int'l Brotherhood of Teamsters,* 174 Cal.App.2d 184, 188 (1959)). And Labor Code § 1102.5, California's Whistleblower Act, was enacted in 1984. *See Taylor*, 78 Cal. App. 4th at 483 n.3. Therefore, the Court grants Defendant's motion to dismiss the state law claims as precluded under the Federal Enclave Doctrine.

The Court grants Plaintiff leave to amend. Defendant cites *Powell v. Tessada & Assocs., Inc.*, No. C 04-05254 JF, 2005 WL 578103, at *2 (N.D. Cal. Mar. 10, 2005) for the proposition that leave to amend should be denied. That case is inapposite. Powell found the enclave doctrine applies when the employment practices at issue took place on the enclave. *Id.* Because Plaintiff

4

may allege the practices at issue here arose from conduct outside the enclave or claims not precluded under the Federal Enclave Doctrine, leave to amend must be granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss. The Court grants Plaintiff leave to amend on or before September 7, 2023.

**IT IS SO ORDERED.**

This Order resolves Dkt. No. 17.

Dated: August 3, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge